UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00123-GNS

BRUCE D. SIMMONS, JR.                                                                                          PLAINTIFF

v.

ALPLA, INC.                                                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 5). For the reasons that follow, the motion is **GRANTED**.

### I.      SUMMARY OF FACTS AND CLAIMS

Plaintiff Bruce D. Simmons, Jr. ("Simmons") worked for Defendant ALPLA, Inc. ("ALPLA") for four and a half years until he was fired on June 22, 2021. (Compl. ¶ 1-3, DN 1-1). Simmons alleges that he was "wrongfully terminated" and the reason given by ALPLA for his termination was "a pretext for discriminatory conduct." (Compl. ¶ 4). To support this contention, Simmons states that he is over forty years old and that he was replaced by a significantly younger worker. (Compl. ¶ 5).

Simmons filed suit in Warren (Kentucky) Circuit Court against ALPLA for violations of the Kentucky Civil Rights Act ("KCRA") and the Kentucky Equal Opportunities Act ("KEOA"). (Compl. ¶¶ 6-9); KRS 344.450; KRS 207.130-230. ALPLA removed this action to federal court based on diversity jurisdiction. (Notice of Removal 1-3, DN 1); 28 U.S.C. §§ 1332, 1441, 1446. ALPA then moved to dismiss for failure to state a claim. (DN 5). This matter is ripe for adjudication.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.[1]

## III. DISCUSSION

Fed. R. Civ. P. 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must allege facts that, if accepted as true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, to survive a motion to dismiss the facts presented must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted) (citation omitted). A pleading that only offers "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement" is not enough. *Id.* (alteration in original) (internal quotations omitted) (citations omitted).

Simmons sued ALPLA for violation of the KCRA and the KEOA. (Compl. ¶¶ 6-9); KRS 344.450, 207.130-230. Simmons, however, does not properly plead any factual allegations to support these claims, and thus cannot meet the pleading burden established in *Twombly* and *Iqbal*.[2]

---

[1] Removal in this case is proper pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction over Simmons' claims under diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332. Both of these requirements exist because (1) Simmons is a citizen of Kentucky while ALPLA is a citizen of Georgia and (2) Kentucky federal district courts have held than when a KCRA claim is pleaded the $75,000 amount in controversy is satisfied even if the complaint does not state the amount of damages sought. *See Shupe v. Asplundh Tree Expert Corp.*, No. 12-286-KKC, 2013 WL 647504, at *2 (E.D. Ky. Feb. 21, 2013), *aff'd sub nom.*, 566 F. App'x 476 (6th Cir. 2014); *Tackett v. Elovations Servs. Grp., LLC*, CV 18-171-DLB-CJS, 2019 WL 903848, at *2 (E.D. Ky. Feb. 22, 2019). Simmons has not contested the citizenship of either party or the amount in controversy. (*See* Pl.'s Resp. Def.'s Mot. Dismiss 1, DN 8).

[2] Of course, Simmons' state claims would likely pass muster in Kentucky state court where this action was initially filed. Once removed to this court, however, the heightened "Twiqbal" pleading standards apply. *See Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015)

In *Downs v. Bel Brands USA, Inc.*, 613 F. App'x 515 (6th Cir. 2015), the court addressed whether the plaintiff's KCRA claim based on age discrimination was properly pled.[3] *Id.* at 518. In his complaint the plaintiff alleged that he was discharged "due to his age." *Id.* To support this contention the plaintiff pleaded: (1) he began work in 1975 (indicating that he was over the age of 40 at the time of his termination), (2) five months prior to his termination the defendant company offered "many older employees" the opportunity to retire early and (3) many older employees were "discharged for questionable reasons." *Id.* at 518-19. The court held "[t]his level of factual detail is simply not enough to survive a motion to dismiss." *Id.* at 519. The court explained that the plaintiff's allegation that he was terminated "due to his age" was a legal conclusion that could not be the basis for his complaint and the factual allegations failed to establish a valid complaint because plaintiffs cannot entirely rely on vague comparisons to other employees and membership in a protected class. *Id.* at 518-19.

The holding in *Downs v. Bel Brands* is directly on point and controls in this instance. Simmons' statements that he was terminated "due to his age" and that the reason given for his termination was "pretextual" are legal conclusions that cannot serve as the factual basis for the Complaint. (Compl. ¶¶ 4-5). The factual allegations supporting Simmons' claims are that that he was employed by ALPLA for four and a half years, he was over the age of forty, he was terminated and he was replaced by a younger worker. (Compl. ¶¶ 3-5). Like in *Downs*, these statements alone do not rise to the level of specificity required for a complaint to survive a motion to dismiss. *Downs*, 613 F. App'x at 519.

---

("[F]ederal district courts, including this Court, have consistently held that federal pleading requirements under Rule 8 and the *Twombly-Iqbal* standard apply to removed complaints, even where the state pleading standard is more lenient.").

[3] Like this case, in *Downs v. Bel Brands USA,* suit was initially filed in Kentucky state court and the defendant removed to the Western District of Kentucky. *Id.* at 517.

Regarding his KEOA claim, Simmons fails to plead any facts explaining how the KEOA applies to him. The KEOA protects individuals with physical disabilities, but the definition of "physical disability" under KEOA does not include age. *See* KRS 207.130(2). Without factual allegations describing the nature of any disability he may have, Simmons has not met the pleading standard for his KEOA claim.

Simmons argues that the KCRA and the KEOA are "remedial legislation" that should be construed broadly to promote their purpose of promoting justice and advancing public welfare. (Pl.'s Resp. Def.'s Mot. to Dismiss 9). Even if this is true, the pleading standard established in *Twombly* and *Iqbal* applies to all federal cases and Simmons must still meet these requirements for his claims to proceed in federal court.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 5) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 17, 2022

cc: counsel of record